# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347
(302) 658-9200
(302) 658-3989 FAX

JOHN P. DITOMO
(302) 351-9329
(302) 428-6231 FAX
jditomo@mnat.com

November 10, 2020

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
United States District Court
  for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

      Re:  *Robert M. Glen v. TripAdvisor, LLC, et al*,
            C.A. No. 1:19-cv-01809-LPS

Dear Chief Judge Stark:

      We write on behalf of defendants in the above-referenced case pursuant to this Court's Order [D.I. 60] requiring "letter briefs . . . addressing the impact (if any) on the pending motions of the decision of the court in *Glen v. Am. Airlines, Inc.*, No. 4:20-cv-482-A D.I. 93 [2020 U.S. Dist. LEXIS 138148] (N.D. Tex. Aug. 3, 2020) [hereinafter, "***Glen v. AA***"] (*see also* C.A. No. 19-1809 (D. Del.) D.I. 52)." As set forth in more detail below, the decision in *Glen v. AA* should dictate the outcome of this case because plaintiff Robert M. Glen ("***Glen***") is precluded from relitigating the same Helms-Burton Act issues that were previously decided against him.

      In *Glen v. AA*, Glen sued American Airlines, Inc. ("***American***") under the Helms-Burton Act for "trafficking" in property in Varadero, Cuba, on which the Iberostar Tainos, Melia Las Antillas, Blau Varadero and Starfish Varadero hotels are located. The crux of Glen's case against American is that these hotels are offered on www.bookaahotels.com, a webpage allegedly controlled by American. In response, American argued, *inter alia*, that (i) the court lacked subject matter jurisdiction because Glen lacks standing to sue under Article III of the Constitution, (ii) Glen failed to allege acquisition of his claim prior to the statutory bar date, and (iii) Glen failed to allege the scienter requirement for a claim under the Act. *See Glen v. AA*, American's Motion to Dismiss [D.I. 52]. After briefing by both parties, the district court dismissed the case for lack of subject matter jurisdiction because Glen did not have standing to sue under Article III. *Id*., [D.I. 93], at *4–7. Additionally, the district court held that Glen failed to state a claim under the

Act because he did not plausibly allege (i) that he acquired ownership of a claim to the Cuban property before March 12, 1996, *id.*, at *9-12, and (ii) that American acted with the requisite scienter, *id.*, at *12-17. Glen has sued the defendants in this case under the same cause of action relating to the same properties, and defendants have raised identical grounds for dismissal.[1]

This Court should reject Glen's claims here because he has already had his day in court and lost. Under the doctrine of collateral estoppel, also known as issue preclusion, Glen cannot now relitigate the same issues in a different jurisdiction in an attempt to retry that case. "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 973 (1979). The Third Circuit has identified four "standard requirements" for establishing issue preclusion, as follows: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Henglein v. Colt Indus.*, 260 F.3d 201, 209 (3d Cir. 2001) (citing *Raytech Corp. v. White*, 54 F.3d 187, 190 (3d Cir. 1995)). As demonstrated below, Glen meets all four requirements here, so the Court should dismiss this case with prejudice.

*First*, *Glen v. AA* is a substantively identical Helms-Burton Act case. "Issue preclusion is based upon the policy that 'a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise.'" *Dici v. Pennsylvania*, 91 F.3d 542, 547 (3d Cir. 1996) (citing *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107, 115 L. Ed. 2d 96, 111 S. Ct. 2166 (1991)). A mere comparison of the operative complaints in both cases demonstrates that the relevant factual allegations are word-for-word identical. *Cf.* the Introduction and Statement of Facts sections in the Amended Complaint [D.I. 45], *Glen v. AA*, Case No. 19-23994 (S.D. Fla. Mar. 11, 2020),[2] attached hereto as **Exhibit A**, *with* Second Amended Complaint [D.I. 33], Case No. 19-01809 (D. Del. Mar. 16, 2020). Glen cannot advance a reasonable argument that the issues previously litigated in Texas are not identical to those litigated here.

*Second*, those issues were fully litigated in *Glen v. AA*, and resolved against him pursuant to a Final Judgment [D.I. 94] with reasoning set forth in the Memorandum Opinion and Order [D.I. 93]. *Glen v. AA* involved robust litigation, including exchanges of discovery with two discovery hearings,[3] and full briefing on the motion to dismiss. The *Glen v. AA* court ultimately

---

[1] *See* [D.I. 52] at 2-3, listing provisions of defendants' Motions to Dismiss briefs relating to their arguments that Glen lacks Article III standing to sue, he did not plausibly allege that he acquired a claim to the Cuban property before the statutory bar date, and that he did not allege the scienter element of a claim under the Act.

[2] *Glen v. AA* was originally filed in the Southern District of Florida, but was transferred to the Northern District of Texas after the operative complaint had been filed.

[3] See *Glen v. AA*, Case No. 19-23994 (S.D. Fla.), [D.I. 35 and 42].

The Honorable Leonard P. Stark
November 10, 2020
Page 3

dismissed the case for the exact same reasons advanced by defendants here.[4] Indeed, even though Glen has appealed the district court's dismissal, the "actual entry of a final judgment" is "final" for purposes of collateral estoppel, *Henglein*, 260 F.3d at 210, and the "judgment's preclusive effect is generally immediate, notwithstanding any appeal." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015); *see also*, *Stahl v. Twp. of Montclair*, C.A. No. 12-3244 (SRC), 2013 U.S. Dist. LEXIS 62848, at *6 (D.N.J. May 2, 2013) ("[T]he pendency of an appeal has no affect on the finality or binding effect of a trial court's holding." (citation omitted)).

*Third*, the issues decided in *Glen v. AA* were necessary to that decision and are equally necessary for adjudication of this case. "Necessary," in this context, means that, "[p]arties should be estopped only on issues they actually deem important, and not on incidental matters." *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 250 (3d Cir. 2006) (citation omitted). This requirement "ensures that preclusive effect is not given to determinations that did not receive close judicial attention." *Id.* (*citation* omitted). Both Glen and American fully argued the issues of Article III standing, the date of acquisition of his claim and scienter in their respective briefs. *See Glen v. AA*, [D.I. 52], [D.I. 56], and [D.I. 64]. The district court reviewed and credited those arguments in dismissing the case. *Id.*, [D.I. 93], at * 4 (Glen "lacks Article III standing, and even if he had standing . . ., his claim would nonetheless be dismissed for failure to state a claim . . .."). Thus, the district court in Texas finally determined the dispositive issues at issue in this case.

*Finally*, Glen was adequately *represented* by counsel in *Glen v. AA* by the same attorneys (Reid Collins and Tsai LLP) representing him in this case. *See*, *id.*

Because all four factors establishing issue preclusion are clearly met in this case, the judgment in *Glen v. AA* bars Glen from proceeding here. On these grounds alone, the case should be dismissed. Nevertheless, this Court also lacks subject matter jurisdiction for the reasons set forth in the motions to dismiss. Further, among the several infirmities of plaintiff's case, he simply did not acquire a claim to Cuban property prior to the statutory bar date, so his claim fails on the merits. *See* [D.I. 33], at ¶ 51. Even after amending the complaint and testing his case in multiple jurisdictions, Glen's claim fails and should be dismissed with prejudice.

Respectfully submitted,

*/s/ John P. DiTomo*

John P. DiTomo (#4850)

cc: All counsel of record (via electronic filing)

---

[4] *See* defendants' motions to dismiss briefs, [D.I. 37; 39; 41]; plaintiff's omnibus opposition [D.I. 43]; and defendants' reply briefs [D.I. 46; 47; 48].